IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JASON SHAWN PETTIT                                                                                         PLAINTIFF

v.                                            Case No. 4:22-cv-04015

INVESTIGATOR RUSSELL HOPKINS,
Little River County Sheriff's Department;
JAIL ADMINISTRATOR GINA BUTLER,
Little River County Detention Center;
INVESTIGATOR JOHN BUTLER; and
JOHN DOE ARRESTING OFFICERS                                                               DEFENDANTS

**ORDER**

Before the Court is Plaintiff's failure to keep the Court informed of his address. Plaintiff Jason Shawn Pettit filed this 42 U.S.C. § 1983 action *pro se* on February 9, 2022. ECF No. 1. That same day, the Court entered an order granting Plaintiff's *in forma pauperis* application. ECF No. 3. The order informed Plaintiff of his obligation to notify the Court of any change of address within thirty days of his release from incarceration or transfer to another facility. *Id.*

The Court also entered an Order directing Plaintiff to file an Amended Complaint to address deficiencies in the Original Complaint. ECF No. 6. On February 28, 2022, this Order, mailed to Plaintiff at his address of record, was returned as undeliverable indicating "Return to Sender Not Deliverable as Addressed Unable to Forward." ECF No. 7. Other than filing his original Complaint, Plaintiff has not communicated with the Court.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently

> . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that a plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to keep the Court informed of his address and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 3rd day of May, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge